Dear Mr. Saucier:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. In particular, you have asked the following question:
 May a city judge suspend the fees that are assessed under La. R.S. 13:1899 (C) for use by the marshal or constable of the court, then allocate them to defray the costs of operation of the court itself?
The answer to your question revolves around the interpretation of the language in La. R.S. 13:1899 (A), (B), and (C), which state, in pertinent part:
 (A) Except as otherwise provided by law, in all criminal matters, including traffic violation cases, in addition to the fine or other penalty which may be legally imposed against every defendant who is convicted after trial or after a plea of guilty or who forfeits his bond, the judge may assess costs of court in an amount not to exceed ten dollars.
 (B) Except as otherwise provided by law, the proceeds derived from these costs shall be deposited in a special account which shall be subject to audit, and used for the operational expenses of the court or for the payment of clerical fees or other similar expenditures as may be approved by the judge.
 (C) In all criminal matters, the city judge shall assess, in addition to the foregoing costs, a sum not less than five dollars and not to exceed ten dollars as additional costs of court, the proceeds from which may be deposited in a special account, separate and distinct from the account provided for in R.S. 13:1899 (B), which account shall be in the name of and under the control of the marshal or constable of the court . . .
The first issue in your question deals with a city court judge's ability to suspend these fees. Suspension of costs assessed under La. R.S. 13:1899 (C) has already been addressed in Attorney General Opinion No. 93-360, in which the author states, ". . . when reading all laws in question together . . . it is clear that Article 887 (A) vests with city court judges the discretion to suspend court costs assessed pursuant to law." Therefore, a city court judge has the ability to suspend all court costs, including those assessed under La. R.S. 13:1899.
The second issue to be dealt with is whether a city court judge, having suspended the collection of these fees for use by the constable or marshal of the court, may then, upon making the sentence executory, use them to defray the operational costs of the court itself. The intent of La. R.S. 13:1899 is to establish a fund for use solely by the constable or marshal of the court. Section (C) of La. R.S. 13:1899 must be construed with reference to the other sections of the statute. Reading 13:1899 as a whole, it is clear that the intent of the legislature was to establish an ordered scheme for assessing court costs. Under sections (A) and (B), every city court judge may, at his discretion, assess fees to be used solely for the purpose of operational expenses of the court. These are the "foregoing costs" referred to in (C), quoted above. Section (C) provides that, in addition thereto, each city court must assess fees to be used solely by the office of the marshal or constable of the court. These proceeds may be deposited in the operational costs of court account (as set forth in section (B)), or they may be deposited in a special account in the marshal's or constable's name. In any case, this money is to be used solely by the marshal or constable of the court.
Therefore, it is the opinion of this office that, although a city court judge has the authority to suspend all court costs, he may not, after later making a sentence executory, designate the fees assessed under La. R.S. 13:1899 (C) as operational court costs, since these are under the exclusive control of the marshal or constable of the court.
I hope this opinion has adequately addressed your questions. If this office can be of further assistance, please do not hesitate to contact us. With warmest regards, I am
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ FRANK A. BRINDISI Assistant Attorney General